# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>OLD SOUTH TRADING CO., LLC, BRENDAN H. CHURCH, and EDWIN N. CHURCH,<br><br>Defendants. | Case No. 6:25-cv-00334-JDA |

**PLAINTIFF'S UNOPPOSED MOTION FOR ENTRY OF CONSENT JUDGMENTS AGAINST DEFENDANTS BRENDAN H. CHURCH AND EDWIN N. CHURCH**

Plaintiff Securities and Exchange Commission ("SEC") files this Unopposed Motion for Entry of Consent Judgments against Defendants Brendan H. Church ("Brendan Church"), and Edwin N. "Chuck" Church ("Chuck Church") (together, "Defendants"), and respectfully shows the Court as follows:

The SEC filed this civil action on January 17, 2025, alleging violations of the federal securities laws. The SEC and Defendants have now reached settlements in this case. Pursuant to these settlements, Defendants executed consents, attached here as Exhibits 1 and 2 (the "Consents"), and, without admitting or denying the allegations in the Complaint, Defendants agreed to entry of the proposed final consent judgments attached here as Exhibits 3 and 4 (the "Proposed Final Judgments"), which, among other things:

    a. permanently restrain and enjoin Defendants from violation of Sections 5(a) and 5(c) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §§ 77e(a) and 77e(c)];

b. permanently restrain and enjoin Defendant Chuck Church from violation of Section 15(a)(1) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78o(a)(1)];

c. permanently restrain and enjoin Defendants, pursuant to Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)]—and, with respect to Defendant Chuck Church, pursuant to Sections 21(d)(1) and (5) of the Exchange Act [15 U.S.C. §§ 78u(d)(1) and (5)]—from, directly or indirectly, including, but not limited to, through any entity owned or controlled by each of them, participating in the issuance, purchase, offer, or sale of any security, provided however, that such injunction shall not prevent each of them from purchasing or selling securities for each of their own personal accounts;

d. permanently restrain and enjoin Defendant Chuck Church pursuant to Sections 21(d)(1) and (5) of the Exchange Act [15 U.S.C. §§ 78u(d)(1) and (5)] from, directly or indirectly, acting as or being associated with any broker or dealer, provided however, that such injunction shall not prevent him from being a customer of a broker or dealer. For purposes of this paragraph, a person is associated with a broker or dealer if such person is a partner, officer, director, or branch manager of such broker or dealer (or occupies a similar status or performs similar functions), directly or indirectly controls, is controlled by, or is under common control with such broker or dealer, or is an employee of such broker or dealer;

e. order Defendant Chuck Church to pay disgorgement in the amount of $15,358, plus prejudgment interest thereon in the amount of $4,118;

    f.   order Defendant Chuck Church to pay a civil penalty in the amount of $250,000 under Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)]; and

    g.   order Defendant Brendan Church to pay a civil penalty in the amount of $300,000 under Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)].

The use and entry of consent judgments has long been endorsed by the Supreme Court. *See*, *e.g.*, *United States v. Armour & Co.*, 402 U.S. 673, 681 (1971); *Swift & Co. v. United States*, 276 U.S. 311, 324-27 (1928). In the Fourth Circuit, before entering a consent judgment, a district court must "satisfy itself that the agreement is fair, adequate, and reasonable and is not illegal, a product of collusion, or against the public interest." *SEC v. Lindberg*, No. 1:22-CV-715, 2023 WL 6390535, at *1 (M.D.N.C. July 3, 2023) (quoting *United States. v. North Carolina*, 180 F.3d 574, 581 (4th Cir. 1999)). "That said, there is a general principle in favor of settlements," especially when, as here, "the consent decree has been negotiated by a federal administrative agency specially equipped to enforce the law in the particular field." *Id*. at *2 (citations omitted).

Given the allegations in the Complaint, which Defendants neither admit nor deny, and the Defendants' Consents, the relief set forth in the Proposed Judgments is fair, adequate, and a reasonable resolution of this matter. The Proposed Judgments are not illegal, and their requirements do not violate the Constitution, any statute, or caselaw. No indication of collusion exists here. The disgorgement, penalty, and injunctive relief provisions in the Proposed Judgments will serve the public interest in deterring similar conduct to that alleged in the Complaint.

Counsel for the SEC has conferred with the attorneys for all Defendants, and they

3

consent to the filing of this motion. Eric Rosen with Dynamis LLP is counsel for Defendants Brendan Church and Old South Trading Co., LLC. Mr. Rosen is not a member of the bar of this Court, so he has not made an appearance. Counsel for the SEC will serve Mr. Rosen with a copy of this motion, and any subsequent order, via email at erosen@dynamisllp.com.

For all of the foregoing reasons, the SEC respectfully requests that the Court grant this Motion, enter the Proposed Final Judgments submitted herewith, and grant Plaintiff such other or further relief to which it is justly entitled. Upon entry of judgment, the SEC will also file a Notice of Dismissal of Defendant Old South Trading Company, LLC, with prejudice pursuant to Federal Rule of Civil Procedure 41, thereby fully resolving this matter.

Respectfully submitted,

BRYAN P. STIRLING
UNITED STATES ATTORNEY

By: *s/James C. Leventis, Jr.*

James C. Leventis, Jr. (#9406)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, SC 29201
Phone: (803) 343-3172
Email: James.Leventis@usdoj.gov

*Attorney for the United States of America*

Anna O. Area
James Carlson
Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549
Tel: 202-551-6417
Email: AreaA@sec.gov

*Attorneys for Securities and Exchange Commission*

## CERTIFICATE OF SERVICE

On July 18, 2025, I filed the foregoing Unopposed Motion for Entry of Consent Judgments with the Clerk of Court for the U.S. District Court, South Carolina.  I hereby certify that I have served the document on all parties of record, including on Eric Rosen, counsel for Defendants Old South Trading Company, LLC and Brendan Church, via his law firm email, erosen@dynamisllp.com.

                                                *s/James C. Leventis, Jr.*
                                                James C. Leventis, Jr. (#9406)
                                                Assistant United States Attorney